UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>              Plaintiff,<br><br>     v.<br><br>KIRAN RAWAT, et al.,<br><br>              Defendants. | No. 2:25-cv-2401-DC-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Raj Singh[1] initiated this action on August 22, 2025, with a pro se complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) This matter is referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). For the reasons that follow, the undersigned recommends plaintiff's application to proceed IFP be denied and the complaint be dismissed as frivolous.

**I.     IFP**

In order to commence a civil action, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action without

---

[1] Plaintiff Raj Singh also files cases in this district under the alias Raghvendra Singh. See In re Singh, 551 B.R. 54, 57 (Bankr. E.D. Cal. 2016).

1

prepayment of fees by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a).

Plaintiff's affidavit in support of the request to proceed in forma pauperis is incomplete. Plaintiff left blank multiple sections of the form, including the section requiring plaintiff to declare income other than gross pay or wages. (ECF No. 2 at 1.) Because the affidavit is incomplete, it fails to establish plaintiff is entitled to prosecute this case without paying the required fees. See United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") In the alternative, plaintiff's IFP application may be denied because this action is frivolous and without merit. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) ("'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'") (quoting Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987)).

**II.     28 U.S.C. § 1915(e) Screening**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc). Plaintiff's complaint should be dismissed because it merely repeats unsuccessful claims plaintiff has already litigated.

The named defendants are Kiran Rawat, Sargent Trudau, Police Chief Bobby Davis, and City of Elk Grove. (ECF No. 1 at 2-3.) Plaintiff alleges the City of Elk Grove police conspired with Rawat, plaintiff's wife, on October 14, 2022, and "many other dates" to kick plaintiff out of his property without his medications, phone, car, driving license, and clothes, making him homeless. (Id. at 4-5.) Plaintiff seeks damages. (Id. at 5.)

The allegations are far too vague to establish the court's subject matter jurisdiction or state a claim for relief. Moreover, this is at least the third action plaintiff has filed in this district court alleging defendants Trudau, Davis, and the City of Elk Grove violated his rights in connection

with the incident that took place on October 14, 2022. See Singh v. City of Elk Grove, No. 2:24-CV-02455-KJM-JDP (PS), 2024 WL 4527370, at *1 (E.D. Cal. Oct. 18, 2024), report and recommendation adopted, No. 2:24-CV-2455-KJM-JDP (PS), 2025 WL 19120 (E.D. Cal. Jan. 2, 2025); Singh v. City of Elk Grove, No. 2:23-CV-00057-TLN-CKD (PS), 2023 WL 2776026, at *2 (E.D. Cal. Apr. 4, 2023), report and recommendation adopted, No. 2:23-CV-00057-TLN-CKD, 2023 WL 5021570 (E.D. Cal. Aug. 7, 2023). Plaintiff's addition of his wife as a defendant to the present case does not assist plaintiff to establish the court's subject matter jurisdiction or state a claim upon which relief can be granted.

Thus, plaintiff was already informed in two prior cases that his allegations about the October 14, 2022 incident fail to state a claim. See Singh v. City of Elk Grove, 2024 WL 4527370, at *1 ("The complaint should be dismissed because this court lacks subject matter jurisdiction and because this court previously dismissed plaintiff's complaint regarding the same October 14, 2022 incident."). Despite being so informed, plaintiff has repeated substantially the same allegations in this newly filed case against the same three defendants and his wife. This action is frivolous within the meaning of 28 U.S.C. § 1915(e) and should be dismissed as such. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous under the authority of 28 U.S.C. § 1915). Leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### III. Recommendation

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied.
2. Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, singh25cv2401.scrn.fr